# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSE VASQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01572-WTL-TAB |
| | ) | |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |
| | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Jose Vasquez for a writ of habeas corpus challenges a prison disciplinary proceeding, CIC 13-11-0309, in which he was found disorderly conduct. For the reasons explained in this entry, Mr. Vasquez's habeas petition must be **denied.**

## I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On November 21, 2013, Correctional Officer T. Davis, wrote a conduct report charging Mr. Vasquez with disorderly conduct, offense B-236. The conduct report states:

> On 11-21-2013 Offender Vasquez, Jose 975271 20L-3DS was observed by myself, Officer T. Davis, bleeding down his left arm. Offender Vasquez stated to me that he had reopened his self inflicted wound on his left arm by scrapping (sic) the scab off using the metal edge of the bed in 20L-3DS. Offender Vasquez (sic) action disturbed the normal operation of AS and DS operations.

Dkt. 31-1.

Pictures of Mr. Vasquez's injuries were included with the report.

On November 26, 2013, Mr. Vasquez was notified of the charge of disorderly conduct (B-236) and served with a copy of the screening report. Dkt. 31-3. Mr. Vasquez was notified of his rights and pleaded not guilty. He requested a lay advocate. He requested Ofc. Davis as a witness and sought a copy of the facility policy for D.S. *Id.* Ofc. Davis supplied a witness statement: "We have standing orders from our chain of command that stops (sic) normal operations in DS is to be written up as a 236." Dkt. 31-4.

After a postponement, a disciplinary hearing was held on December 4, 2013, in case CIC 13-11-0309. At the hearing, Mr. Vasquez pleaded guilty to the charge. Dkt. 31-6. The Hearing Officer found Mr. Vasquez guilty of B-236 disorderly conduct. *Id.* In making this determination, the Hearing Officer considered staff reports and the statement of the offender. Due to the seriousness of the offense and the frequency/nature of the offense, the Hearing Officer imposed the following sanctions: a written reprimand and 120 days' lost earned credit time. *Id.*

The Respondent has no record that Mr. Vasquez appealed his disciplinary conviction in this case, however, the Court ruled on Respondent's second motion to dismiss that Mr. Vasquez did not fail to timely exhaust his administrative remedies. Dkt. 30.

### III. Analysis

Mr. Vasquez alleges that his due process rights were violated during the disciplinary proceeding. His claims are discerned as: 1) the reporting officer's actions in writing him up were retaliatory and revengeful; and 2) the reporting officer should have charged him with self-mutilation rather than disorderly conduct. Dkt. 2.[1]

Mr. Vasquez alleges that at the time of this conduct report, he was dealing with escalating mental health issues, and that he was not aware that his actions of self-harm were interfering with his release date from prison. He alleges that he was behaving in self-harming ways, not being disorderly. He believes that the officers who issued the conduct reports that reduced his earned credit time did so out of retaliation and revenge because he was interfering with their job duties. He argues that officers should have contacted medical and mental health personnel and shown concern for his need for treatment rather than writing a conduct report that resulted in lost credit time.

Mr. Vasquez's claim that the reporting officer acted out of motives such as retaliation and revenge (for interfering with his job duties) is not reviewable in this habeas action. The Court's role is limited to determining whether Mr. Vasquez's due process rights, as described in *Wolff,* were protected. "[A]s long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999) ("even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process"). Mr. Vasquez does not allege that the reporting officer acted in

---

[1] The petitioner's motion to amend his petition was denied because there was a motion to dismiss pending at the time. Dkt. 23. Petitioner did not renew his motion to amend, so the operative pleading in this action is the original petition at docket 2.

retaliation for the exercise of a constitutionally protected right. *See Lagerstrom v. Kingston,* 463 F.3d 621, 625 (7th Cir. 2006). Accordingly, even if a correctional officer acts out of frustration or revenge for an inmate interfering with his other job duties, the Court must limit its review to the due process protections. The claim challenging the motive behind the conduct report must be denied.

Mr. Vasquez next claims that the reporting officer should have written him up for "self-mutilation," which is a specific code violation, instead of "disorderly conduct." This claim is essentially one that challenges the sufficiency of the evidence.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)( courts must "only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Code B-236 "disorderly conduct" is defined as: "exhibiting disruptive and violent conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 31-8, p 7. The reporting officer stated that Mr. Vasquez's conduct disturbed the normal operation of the administrative and disciplinary segregation areas. It was reasonable for the Hearing Officer to find that Mr. Vasquez's violent behavior, even though directed toward

himself as a result of mental illness, distracted the reporting officer from his other pressing duties and thereby disrupted the security of the area. Indeed, Mr. Vasquez did plead guilty to the charge. While the Court agrees that a more compassionate response to Mr. Vasquez's behavior would have been to not write him up and instead attempt to refer him to mental health assistance, the Court is also not naïve to the daily demands and safety issues wrought on correctional officers in their constant efforts to maintain order. Again, the issue here is whether some evidence supported the Hearing Officer's decision, and the Court finds that it did.

Mr. Vasquez was given proper notice and had an opportunity to defend the charge. The Hearing Officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record, including the guilty plea, to support the finding of guilt. Under these circumstances, there were no violations of Mr. Vasquez' due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Vasquez' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**The clerk shall update the docket** to reflect the petitioner's change of address to Pendleton Correctional Facility.

**IT IS SO ORDERED**.

Date: 4/17/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

JOSE VASQUEZ, 975271
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 W. Reformatory Road
Pendleton, IN 46064-9001

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**